ORDER DENYING PLAINTIFFS' AMENDED MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
 I. INTRODUCTION
This matter comes before the court on cross-motions for summary judgment by Plaintiffs, Albert M. Porter III, and Carla Porter (taxpayers) and Defendant, Department of Revenue (the department). The tax year at issue is 2002. (Ptfs' 2d Am Compl at 1.)
 II. STATEMENT OF FACTS
In 2002, Albert M. Porter III (taxpayer)[1] lived in Scio, Oregon. (Stip Facts at 1, ¶ 3.) Scio is within the Salem metropolitan area. (Id.) Throughout 2002, taxpayer was assigned pipefitting jobs in Toledo, Oregon, Milwaukie, Oregon, and Hillsboro, Oregon, from a union hall in Tualatin, Oregon. (Id. at 2, ¶¶ 4-5.) Taxpayer returned to his home in Scio at the end of each work day. (Id. at 2, ¶ 6) Taxpayer was either not assigned, or did not accept any jobs in the *Page 2 
Salem metropolitan area during 2002. (Id. at 2, ¶ 8.) There was no single metropolitan area where taxpayer normally or regularly worked. (Id. at 2, ¶ 7.)
According to daily logs, taxpayer drove 36,462 miles to and from Scio and various work locations during 2002.[2] (Id. at 2, ¶ 6.) Taxpayers claimed a mileage deduction on their 2002 Oregon Income Tax Return for daily travel expenses incurred for travel between taxpayers' residence and taxpayer's work locations. (Id. at 2, ¶ 9.) The department denied taxpayers' claimed mileage deduction. (Id. at 2, ¶ 10.) The department assessed taxes, penalties, and interest against taxpayers. (Id.) Taxpayers appealed to the Magistrate Division. Porter v. Dept. of Rev., TC-MD No 060550B (Apr 23, 2007). The Magistrate Division denied taxpayers' appeal and taxpayers appealed to the Regular Division. Id. at 4; (Ptfs' Compl at 1.) The assessed taxes, penalties, and interest for the year at issue have been paid. (Ptfs' 2d Am Compl at 2; Def's Answer to Ptfs' 2d Am Compl at 2.)
 III. ISSUE
May taxpayers deduct traveling expenses for tax year 2002?
 IV. ANALYSIS
On this question, Oregon law makes no adjustments to the rules under the Internal Revenue Code (IRC) and therefore, federal law governs the analysis. See ORS 316.007; ORS 316.012(1).[3] Further, the view of the Commissioner of Internal Revenue as to the legal *Page 3 
analysis is dispositive. See ORS 314.011(3). In general, taxpayers are not allowed a deduction for personal or living expenses. IRC § 262(a) (2002).[4]
Treasury Regulation section 1.262-1(b)(5) provides, in relevant part:
 "The taxpayer's costs of commuting to his place of business or employment are personal expenses and do not qualify as deductible expenses."
Taxpayers claim that taxpayer's travel expenses are deductible under Revenue Ruling 99-7, 1999-1 Cumulative Bulletin 361. (Ptfs' Am Mot for Summ J at 4.) Revenue Ruling 99-7 provides several exceptions to the general rule that commuting expenses are not deductible, stating:
 "(1) A taxpayer may deduct daily transportation expenses incurred in going between the taxpayer's residence and a temporary work location outside the metropolitan area where the taxpayer lives and normally works. However, unless paragraphs (2) or (3) below applies, daily transportation expenses incurred in going between the taxpayer's residence and a temporary work location within that metropolitan area are nondeductible commuting expenses."
 "(2) If a taxpayer has one or more regular work locations away from the taxpayer's residence, the taxpayer may deduct daily transportation expenses incurred in going between the taxpayer's residence and a temporary work location in the same trade or business, regardless of the distance. (The Service will continue not to follow the Walker decision.)"
 "(3) If a taxpayer's residence is the taxpayer's principal place of business within the meaning of [IRC] § 280A(c)(1)(A), the taxpayer may deduct daily transportation expenses incurred in going between the residence and another work location in the same trade or business, regardless of whether the other work location is regular or temporary and regardless of the distance."
Rev Rul 99-7, 1999-1 CB 361 (emphasis in original).[5][6] *Page 4 
Section (2) of the exceptions above requires a taxpayer to have "one or more regular work locations." Id. Section (3) requires that the taxpayer's residence is the taxpayer's principal place of business, as defined in IRC section 280A(c)(1)(A). See id. IRC section 280A(c)(1)(A) requires that a taxpayer's residence be used as a principal place of business on a "regular basis." Both sections (2) and (3) of Revenue Ruling 99-7 require a taxpayer to work in a given area or place regularly. Taxpayers state, however, that there was not a "single metropolitan area where [taxpayer] normally or regularly worked." (Stip Facts at 2, ¶ 7.) Because taxpayers state that taxpayer did not work in any single area "regularly[,]" taxpayers were properly denied the deduction for traveling expenses under sections (2) and (3) of Revenue Ruling 99-7. (Id.) The focus must be on whether taxpayers may claim a deduction for traveling expenses under section (1).
To allow taxpayers a deduction for daily traveling expenses under section (1), this court must find (1) that travel was to temporary work locations; (2) that taxpayer lived in a certain metropolitan area; and (3) that taxpayer "normally" worked in the metropolitan area that he lived. Id. The parties agree that taxpayer lived in the Salem metropolitan area. (Id. at 1, ¶ 3.) The parties also agree that taxpayer did not "normally" work in the Salem metropolitan area, stating that "[t]here was no single metropolitan area where [taxpayer] normally or regularly worked." (Id. at 2, ¶ 7.)
In Aldea v. Commissioner, the United States Tax Court interpreted Revenue Ruling 94-47 1994-2 Cumulative Bulletin 18, a prior ruling consistent with section (1) of *Page 5 
Revenue Ruling 99-7, under facts similar to this case.[7] Aldea v.Commissioner, 79 TCM (CCH) 1917, WL 371549 at *3-4 (2000). In Aldea, the taxpayer was assigned temporary work assignments out of a union hall located in Sacramento, California. Id. at *1. The residence of the taxpayer was in a different city — Yuba City, California. Id. The record did not show the taxpayer ever worked in the metropolitan area where she lived. Id. at *4. The court denied the taxpayer's claimed business expense deduction for mileage incurred driving between her residence and temporary work locations because she did not live and normally work in the same metropolitan area. Id. The court also stated that the temporary nature of a job by itself is not a sufficient basis for deducting traveling expenses. Id. at *3.
Here, as in Aldea, taxpayer does not satisfy the elements of a deduction under Revenue Ruling 99-7. Taxpayers stipulated that taxpayer "maintained a residence * * * within the Salem metropolitan area" and that "there was no single metropolitan area where [he] normally or regularly worked." (Stip Facts at 1, ¶ 3; 2, ¶ 7.)[8] Because taxpayers stipulated that taxpayer did not normally work in the Salem metropolitan area where he lived, taxpayer does not meet the requirements of section (1) of Revenue Ruling 99-7. Because taxpayer did not live and normally work in the same metropolitan area, taxpayers were properly denied the deduction for taxpayer's traveling expenses under section (1) of Revenue Ruling 99-7.[9] *Page 6 
 V. CONCLUSION
For the reasons stated above, the court concludes that taxpayers were properly denied the deduction for traveling expenses. Now, therefore,
IT IS ORDERED that Plaintiffs' Amended Motion for Summary Judgment is denied and Defendant's Cross-Motion for Summary Judgment is granted.
Dated this ___ day of October, 2009.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPT ON OCTOBER 20,2009, AND FILED THE SAME DAY. THIS IS A PUBLISHED DOCUMENT.
[1] While there are two taxpayers in this case, in the singular the court refers to Albert M. Porter III because his travel expenses are at issue.
[2] The various work locations are the Toledo, Milwaukee, and Hillsboro work locations previously described. (Stip Facts at 2, ¶ 6.)
[3] All references to the Oregon Revised Statutes (ORS) are to the 2001 edition.
[4] All references to the Internal Revenue Code (IRC) are to 2002.See ORS 316.012(1).
[5] The reference in section (2) to the Walker decision refers toWalker v. Commissioner, 101 TC 537 (1993).
[6] Taxpayers rely upon a test within Commissioner v. Flowers,326 US 465, 470, 66 S Ct 250, 90 L Ed 203 (1946), regarding deduction of business travel expenses. (Ptfs' Am Mot for Summ J at 4.) However,Flowers must be read in conjunction with IRC section 162(a)(2) which does not allow a deduction for daily commuting expenses because they do not meet the sleep or rest requirement of U.S. v. Correll, 389 US 299,88 S Ct 445, 19 L Ed 2d 537 (1967). See Daiz v. Comm'r, 84 TCM (CCH) 148, WL 1796832 at *3 (2002). Taxpayer does not meet the sleep or rest requirement of IRC section 162(a)(2) because taxpayer returned "to his Scio residence at the end of each work day." (Stip Facts at 2, ¶ 6.)
[7] Aldea stated that the position of the Commissioner was consistent with Revenue Ruling 94-47, which required that the taxpayer "establish that her employment at a job site is temporary and the job site is outside the metropolitan area where the taxpayer lives and normally works." 79 TCM (CCH) 1917, WL 371549 at *3 (2000). (Emphasis in original.) The court then upheld that position. Id. at *4. In a footnote, the court also found Revenue Ruling 99-7 to be consistent with the position of the Commissioner. Id. at *3 n 2.
[8] Once stipulated, a fact is conclusively proven. U.S. v. Rubio,727 F2d 786, 797 (1983) (citing U.S. v. Houston, 547 F2d 104, 107 (9th Cir 1976), and Schlemmer v. Provident Life Accident Ins. Co.,349 F2d 682, 684 (9th Cir 1965).
[9] Because taxpayer did not "normally" work within the Salem metropolitan area, and was therefore, properly denied the deduction, the court need not decide whether taxpayer traveled to temporary locations.